UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRAVIS HETTINGER, | Case No. 3:13-cv-00364-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FIPPS, et al., | (Defs.' Motion to Dismiss – dkt. no. 4) |
| Defendants. | |

I.      **SUMMARY**

Before the Court is Defendants Michael Fipps, Jeromie Sorhouet, and Thor Dyson's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Dkt. no. 4.) For the reasons set forth below, the Motion to Dismiss is granted.

II.     **BACKGROUND**

Plaintiff Travis Hettinger alleges the following skeletal facts. (*See* dkt. no. 1.) Plaintiff Travis Hettinger was employed by the Nevada Department of Transportation ("NDOT") for approximately fifteen (15) years. Beginning on September 22, 2009, Plaintiff was employed as a Highway Maintenance Worker III by NDOT. On December 27, 2011, Plaintiff's driver's license expired. Plaintiff renewed his license on January 12, 2012. Plaintiff claims that he told his supervisor about the lapse, without identifying which of the supervisors named in the complaint (Jeromie Sorhouet or Thor Dyson) he told. Plaintiff further fails to identify the date on which he informed his supervisor, but given that he claims to have not realized the license was expired before January 11, 2012, it

1   could not have been before that date. Allegedly his supervisor told Plaintiff it was not a
2   problem. On April 17, 2012, Plaintiff received a Specificity of Charges (NPD-41) from
3   Highway Maintenance Manager Michael Fipps recommending that Plaintiff be terminated
4   for not having a valid driver's license while operating state vehicles or equipment.
5   Plaintiff was terminated on May 7, 2012.

6       Plaintiff admits that having a commercial driver's license is an essential function of
7   his job as a Highway Maintenance Worker III. Plaintiff alleges, however, that he was
8   terminated in retaliation for acting as a witness in an investigation of his supervisor
9   Jeromie Sorhouet for alleged misappropriation of state property. While Plaintiff does not
10  provide the timeline for this investigation, he does assert that Sorhouet learned that
11  Plaintiff participated as a witness before Plaintiff was terminated.

12      Plaintiff failed to describe the administrative process that preceded this case,
13  which Defendants outline in their Motion. (See dkt. no. 4 at 1-4.) Defendants state that
14  after Plaintiff's receipt of the NPD-41, NDOT reviewed the charges, conducted a pre-
15  disciplinary hearing, concluded that Plaintiff had operated the equipment without a valid
16  driver's license, and terminated Plaintiff. Following his termination, Plaintiff filed an
17  appeal with the Nevada Division of Human Resource Management ("DHRM") pursuant
18  to NRS 486.390. Both Plaintiff and NDOT were represented by counsel at a hearing on
19  August 28, 2012. The Hearing Officer issued an administrative decision on August 31,
20  2012, affirming NDOT's termination of Plaintiff. Following the administrative decision,
21  Plaintiff declined to file a petition for judicial review in Nevada state court.

22      Plaintiff brings a single claim in the instant suit: (1) liability under 42 U.S.C. § 1983
23  for violation of the First Amendment of the United States Constitution. Defendants seek
24  dismissal with prejudice or in the alternative move for summary judgment.

25  III.  **LEGAL STANDARD**

26      A.  **Motion to Dismiss**

27      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
28  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

1  "a short and plain statement of the claim showing that the pleader is entitled to relief."

2  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

3  Rule 8 does not require detailed factual allegations, it demands more than "labels and

4  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

5  *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

6  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

7  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

8  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

9  678 (internal citation omitted).

10       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

11  apply when considering motions to dismiss. First, a district court must accept as true all

12  well-pled factual allegations in the complaint; however, legal conclusions are not entitled

13  to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,

14  supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

15  court must consider whether the factual allegations in the complaint allege a plausible

16  claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

17  alleges facts that allow a court to draw a reasonable inference that the defendant is

18  liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the

19  court to infer more than the mere possibility of misconduct, the complaint has "alleged —

20  but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks

21  omitted). When the claims in a complaint have not crossed the line from conceivable to

22  plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

23       A complaint must contain either direct or inferential allegations concerning "all the

24  material elements necessary to sustain recovery under *some* viable legal theory."

25  *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

26  1106 (7th Cir. 1989) (emphasis in original)).

27  ///

28  ///

3

1

**B.     Motion for Summary Judgment**

2        The purpose of summary judgment is to avoid unnecessary trials when there is no

3   dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

4   F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

5   the discovery and disclosure materials on file, and any affidavits "show there is no

6   genuine issue as to any material fact and that the movant is entitled to judgment as a

7   matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine"

8   if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for

9   the nonmoving party and a dispute is "material" if it could affect the outcome of the suit

10  under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

11  Where reasonable minds could differ on the material facts at issue, however, summary

12  judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

13  1995). "The amount of evidence necessary to raise a genuine issue of material fact is

14  enough 'to require a jury or judge to resolve the parties' differing versions of the truth at

15  trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l*

16  *Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary

17  judgment motion, a court views all facts and draws all inferences in the light most

18  favorable to the nonmoving party. *Kaiser Cement Corp. v.  Fishbach & Moore, Inc.*, 793

19  F.2d 1100, 1103 (9th Cir. 1986).

20       The moving party bears the burden of showing that there are no genuine issues

21  of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In

22  order to carry its burden of production, the moving party must either produce evidence

23  negating an essential element of the nonmoving party's claim or defense or show that

24  the nonmoving party does not have enough evidence of an essential element to carry its

25  ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

26  F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements,

27  the burden shifts to the party resisting the motion to "set forth specific facts showing that

28  there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may

4

not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

Defendants argue that Plaintiff's First Amendment claim is barred under *res judicata*. Alternatively, Defendants seek dismissal on the merits.

### A.    *Res Judicata*

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir.1995). It is well settled that "[w]hen a state agency acts in a judicial capacity to resolve disputed issues of fact and law properly before it, and when the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect to which it would be entitled in that state's courts." *Olson v. Morris*, 188 F.3d 1083, 1986 (9th Cir. 1999). Plaintiff was represented and given the opportunity to make arguments and cross-examine the opposing party's witnesses. (*See* dkt. no. 4-1.)

In Nevada, there are three elements to claim preclusion: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? and (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? *Holcombe v. Hosmer*, 477 F.3d 1094, 1097-98 (9th Cir. 2007).

Defendants have demonstrated that all three claim preclusion requirements are met. First, the issues presented in both the prior adjudication and the instant action are

1    identical. In both, Plaintiff challenged his termination and argued that he was terminated

2    in retaliation for acting as a witness in an investigation of his supervisor, Jeromie

3    Sorhouet. (*See* dkt. no. 4-1 at 9.) Second, there was a final judgment on the merits. The

4    Administrative Hearing Officer issued an administrative decision affirming NDOT's

5    termination. (*See id.*) Plaintiff did not appeal within the designated time period, making

6    the administrative decision final. *See* NRS 233B.130(2)(c). Third, the party against whom

7    preclusion is asserted, Mr. Hettinger, was the moving party in the administrative

8    proceeding, as well as the instant case. *See Paradise Palms Cmty. Ass'n v. Paradise*

9    *Homes*, 505 P.2d 596, 599 (Nev. 1973).

10        In response to Defendants' Motion, Plaintiff argues that "[i]ssue preclusion is not

11   available based on a Nevada personnel hearing officer's ruling." (Dkt. no. 9 at 1.) The

12   sole authority cited in support of this proposition is *Dias v. Elique*, 436 F.3d 1125, 1129-

13   30 (9th Cir. 2006). *Dias* does not stand for the proposition that issue preclusion is not

14   available to Nevada personnel hearing determinations. In *Dias*, the Ninth Circuit found

15   that issue preclusion was inappropriate because "the hearing officer did not resolve the

16   same factual issues involved to the same degree required by Appellants' § 1983 and

17   related state-law claims." *Id.* at 1129. The hearing officer in *Dias* only found that the

18   termination decision was supported by "substantial evidence" while the plaintiff's § 1983

19   claim, and state-law claims, required proof by a "preponderance of the evidence." *Id.*

20        Neither Plaintiff nor Defendants address the relevant portion of *Dias* and, as a

21   result, neither briefed the relative standards in the administrative proceeding as

22   compared to the standards applied by this Court. As the Court's review of the

23   administrative decision, provided by Defendants, suggests that it was made under a less

24   stringent standard of proof than is required for a § 1983 challenge, the Court declines to

25   find at this stage that it is barred by *res judicata*. As a result, the Court will address

26   Defendants' claim for dismissal on the merits.

27   ///

28   ///

1    **B.     First Amendment Claim Under 42 U.S.C. § 1983**

2           Alternatively, Defendants argue that Plaintiff has failed to state a cognizable First

3    Amendment claim.

4           It is well settled that the state may not abuse its position as employer to stifle "the

5    First Amendment rights [its employees] would otherwise enjoy as citizens to comment on

6    matters of public interest." *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). The

7    Supreme Court has explained that "[t]he problem in any case is to arrive at a balance

8    between the interests of the [public employee], as a citizen, in commenting upon matters

9    of public concern and the interest of the State, as an employer, in promoting the

10   efficiency of the public services it performs through its employees." *Id.* The current Ninth

11   Circuit test for evaluating a First Amendment retaliation claim of a government official

12   considers five factors: "(1) whether the plaintiff spoke on a matter of public concern;

13   (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the

14   plaintiff's protected speech was a substantial or motivating factor in the adverse

15   employment action; (4) whether the state had an adequate justification for treating the

16   employee differently from other members of the general public; and (5) whether the state

17   would have taken the adverse employment action even absent the protected speech."

18   *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Defendants argue that Plaintiff

19   cannot establish prong five of the *Eng* test as Plaintiff has admitted that he committed a

20   fireable offense by driving without a valid driver's license.

21          Evidence that a termination was motivated by unprotected activity is not by itself

22   sufficient to defeat a First Amendment challenge. *See id.* at 1073-74. In this case,

23   however, Plaintiff has not only admitted to driving without a valid license, he has failed to

24   allege facts suggesting that the state "would [not] have taken the adverse action if the

25   proper reason alone had existed." *Knickerbocker v. City of Stockton*, 81 F.3d 907, 911

26   (9th Cir. 1996). Plaintiff simply alleges that the relevant speech occurred in the time

27   between committing the offense and getting fired and that the speech was the cause of

28   ///

1  termination. As a result, Plaintiff has failed to plead facts sufficient to survive a motion to

2  dismiss.

3  **V.     CONCLUSION**

4        The Court notes that the parties made several arguments and cited to several

5  cases not discussed above. The Court has reviewed these arguments and cases and

6  determines that they do not warrant discussion as they do not affect the outcome of the

7  Motion.

8        It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 4) is granted.

9  Plaintiff's claim is dismissed.

10        DATED THIS 5th day of May 2014.

11

12

13  MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28